

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BRIAN PAUL ENGEL,

Plaintiff,

v.  Civil Action No. 3:09CV585

SHERIFF FRANCIS,

Defendant.

## MEMORANDUM OPINION

Plaintiff Brian Paul Engel, a Virginia inmate proceeding *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983. Mr. Engel contends that he was subjected to unconstitutional conditions of confinement while incarcerated at the Southampton County Jail ("the Southampton Jail"). Engel has named Sheriff Francis as the defendant. Sheriff Francis has moved to dismiss the complaint for failure to state a claim. Mr. Engel has responded. The matter is ripe for disposition.

### I. Motion to Dismiss Standard

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering

a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

## II. Recitation of Relevant Allegations and Facts

In August of 2009, Mr. Engel was incarcerated in the Southampton Jail. The allegations of the Complaint are set forth below:[1]

> On 24 Aug 2009, I filed a grievance stating: "why is this jail the only one in this region that does not allow it's [sic] inmates outside recreation?"
>
> On 26 Aug 2009, the grievance was returned stating: "the Jail recreation meets DOC requirements." It was signed by Sheriff Deputy Vance. Deputy Vance continued to violate my constitutional right to outside recreation. I replied back stating: "DOC procedures require inmates at least 1 hour outside recreation per day and maximum security inmates get 1 hour outside recreation per week. So how are you classifying inmates here at this Jail?"
>
> On 27 Aug 2009, the grievance was returned stating: "Each block recieves [sic] stair stepper for a day once a week which meets the standards that this Jail has to follow." It was signed by Sgt[.] Doyle. Sgt[.] Doyle by not fixing the situation continued to violate my constitutional right to outside recreation.
>
> I have included Sheriff Francis because he is overall in charge of this Jail and is responsible for everything that happens in it.
>
> This Jail has a sallyport which could be used as a recreation yard. The stair stepper is small and unstable to use. The machine does not even raise your heart rate up to get anything out of it. The stair stepper is approxmitly [sic] 12"W x 16"L x 8"H in size.
>
> My claim for relief of $500,000.00 is because this Jail has put my health . . . at risk for obesity and other health risk associated with being overweight because of the lack of recreation.
>
> 1) With this jail serving a lot of processed meats, starchs [sic], and a high fat calories count that has caused me and others to put on weight because theres [sic] nothing to do but eat and sleep. If we was given adequate recreation our health would be better and our stress would be lower.
>
> 2) People's stress level have risen with no way to lower it except resorting to fighting to get exercise, which causes the block's mood to shift severly [sic].
>
> 3) Even thou the sallyport is small it would still be better then having no recreation at all. At least we could get fresh air and be able to move around some.

(Compl. at 5 and following page.) Mr. Engel demands $500,000.00.

---

[1] The Court has corrected the capitalization in the quotations to Mr. Engel's submissions. The Court received the Complaint in this action on September 21, 2009.

3

Mr. Engel does not allege how long he was incarcerated at the Southampton Jail prior to filing the Complaint. Mr. Engel's correspondence, however, reflects that on November 13, 2009, Mr. Engel was transferred to the Western Tidewater Regional Jail. (Docket No. 8.) On or about March 4, 2010, Mr. Engel was transferred back to the Southampton Jail. (Docket No. 10.) On or about June 21, 2010, Mr. Engel was transferred to Mecklenburg Correctional Center. (Docket No. 13.) On or about August 14, 2010, Mr. Engel was transferred to the Pocahontas State Correctional Center. (Docket No. 23.)

### III. Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege facts that indicate a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Here, the parties agree that because Mr. Engel was a pretrial detainee in August of 2009, he must allege facts that indicate he was unconstitutionally punished in violation of the Due Process Clause of the Fourteenth Amendment.[2] *See Shanklin v. Seals*, 3:07cv319, 2010 WL 2942649, at *18 (E.D. Va. July 27, 2010) (*citing Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979); *Ingraham v. Wright*, 430 U.S. 651, 672 n.40 (1977); *United States v. Cobb*, 905 F.2d 784, 788 (4th Cir. 1990)). Under the Fourteenth Amendment, "the pretrial detainee, who has yet to be adjudicated guilty of any crime, may not be subjected to *any* form of 'punishment.'" *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) (*citing City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)).

---

[2] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

"To determine whether a condition imposed upon a pretrial detainee constitutes punishment, the Court 'must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.'" *Shanklin*, 2010 WL 2942649, at *18 (*quoting Bell*, 441 U.S. at 538). "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Bell*, 441 U.S. at 539. Thus, to state a Due Process violation, Mr. Engel must allege facts that plausibly suggest that Sheriff Francis's conduct constituted punishment. *Shanklin*, 2010 WL 2942649, at *18 (*citing Cooper v. Dyke*, 814 F.2d 941, 948-49 (4th Cir. 1987)).

The relevant precedent teaches that "punishment, whether for a convicted inmate or a pretrial detainee, is the product of intentional action, or intentional inaction, respecting known and *substantial* risks of harm." *Westmoreland v. Brown*, 883 F. Supp. 67, 72 (E.D. Va. 1995) (*citing Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994)). Additionally, "a particular condition constitutes punishment only where it *causes* physical or mental injury." *Id.* at 76. Thus, "[t]o successfully assert a claim of punishment without due process under the Fourteenth Amendment, an inmate must assert not only that the defendant[] w[as] deliberately indifferent to the substantial risk of harm posed by [the challenged condition], but also that this deliberate indifference *caused* a physical or emotional injury." *Id.* "'There is, of course, a *de minimis* level of imposition with which the Constitution is not concerned.'" *Bell*, 441 U.S. at 539 n.21 (*quoting Ingraham*, 430 U.S. at 674)). It must be remembered that, "[c]orrectional officials are not required to provide comfortable jails, even for pretrial detainees." *Tesch v. Cnty. of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998). The short-term limitation of various freedoms and

5

privileges "are simply part of the general level of discomfort anyone can expect to experience while in custody." *Id.*

Mr. Engel does not allege that other inmates were provided with outside recreation and better food and that he was singled out as some form of punishment. Therefore, Mr. Engel must allege facts that plausibly suggest Sheriff Francis was deliberately indifferent to the substantial risk of harm posed by lack of outdoor exercise and the diet at the Southampton Jail, and that such deliberate indifference caused a constitutionally significant physical or emotional injury. *See Westmoreland*, 883 F. Supp. at 76. He has not done so.

"It is well settled that jails may provide space for indoor exercise and recreation as an alternative to outdoor recreational facilities, absent medical evidence demonstrating a need for outdoor exercise." *Jones v. Kelly*, No. 89-6651, 1990 WL 33936, at *1 (4th Cir. Mar. 8, 1990) (*citing Clay v. Miller*, 626 F.2d 345 (4th Cir.1980); *Jones v. Diamond*, 594 F.2d 997 (5th Cir. 1979)); *see Tinker v. Fries*, No. 1:08-CV-181 PPS, 2009 WL 89669, at *3 (N.D. Ind. Jan. 12, 2009) (concluding lack of access to a gym or other exercise opportunities for four months did not violate the Constitution where detainee could walk around his cell block). The provision of indoor recreation space and a stair step machine belies the notion that Sheriff Francis was deliberately indifferent to any substantial risks of harm associated with lack of outdoor exercise. *See Brown v. Harris*, 240 F.3d 383, 389 (4th Cir. 2001) (explaining that "an official who responds reasonably to a known risk" does not act with deliberate indifference). Moreover, in his complaint, Mr. Engel failed to allege facts that suggest that he sustained any constitutionally significant injury as a result of the diet and limited exercise opportunities at the Southampton Jail. *See In re Long Term Admin. Segregation of Inmates Designated as Five Percenters*, 174

F.3d 464, 472 (4th Cir. 1999) (observing in the Eighth Amendment context that "[d]epression and anxiety are unfortunate concomitants of incarceration"); *Mathias v. Mathias*, No. 7:08-cv-00006, 2008 WL 190771, at *3-4 (W.D. Va. Jan. 18, 2008); *Bell v. Francis*, No. 1:09cv1092 (JCC/IDD) (E.D. Va. Oct. 6, 2009) (dismissing nearly identical complaint regarding conditions at Southampton Jail where inmate raised an Eighth Amendment claim).

In his response to the motion to dismiss, Mr. Engel alleges that he suffers from post-traumatic stress disorder and depression and that the lack of exercise exacerbated those ailments. Mr. Engel, however, fails to allege any facts that indicate Sheriff Francis knew that Mr. Engel suffered from these ailments, much less that the lack of exercise was affecting these ailments. *See Farmer*, 511 U.S. at 837 ("[A] prison official cannot be found liable . . . for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of . . . harm exists, and he must also draw the inference."). Mr. Engel's factual allegations are not sufficient to "produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (*quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009)). Accordingly, Sheriff Francis's motion to dismiss (Docket No. 14) will be GRANTED. The action will be DISMISSED.

An appropriate Order shall issue.

Dated: /2-20-10
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge

7